Davis, J.
It has been settled, in this state, that a promissory note in the form of the one involved in this case is'joint and several; and that after the delivery of a joint and several note the addition of the name of a third person, as maker, with the privity of the holder, but without the consent of the original signers, vitiates the note as to the latter; but that it is otherwise, if the new party, through inadvertence or mistake, signed so as, prima facie, to indicate that his name was added in the character of maker, when in fact such was not the intention. Wallace et al. v. Jewell, 21 Ohio St., 163. In the opinion in the case cited, White, J., says: “If the object had been to guaranty payment, or to furnish additional security, otherwise than by becoming or assuming to become a joint maker, there could be no objection to the accomplishment of such object. The new agreement in such case, would be a collateral one, and it would leave the integrity of the original note unaffected. Nor do we suppose the case would be altered, if, in giving such security, the new party should, by mistake or inadvertence, sign the note in such way as to indicate, prima facie, that he was an original promissor, the real intention being otherwise. Such a case would1 fall within the .principle decided in Ex parte Yates, 2 De Gex and J., 191.”
In the present case it was competent for the plaintiff below to show, and he did show, that as between him and the other signers of the note,'he was not a joint maker. He testified, and it is not disputed, that he “signed the note for the five to get the money out *411 of the bank” — “for security for them five.” It is conceded that the money which was obtained on the discount of the note went to the benefit of the Co-operative Publishing Company; but that company was in no sense a party to the note and in no way connected with the transaction of obtaining the money. That was the act of the five original signers of the note who had already signed it, and, through the agency of William C. Mahler and Kronauge, presented it at the hank for’ discount where it was rejected. The five signers, up to this point, were indisputably principals; for the fact that they intended to apply, and afterwards did apply, the money obtained by discount of the note for the benefit of the publishing company, did not make them sureties. So that the claim that they and the defendant in error were co-sureties of the publishing company is not sustainable. The ehfendant in error “signed the note for the five to get the money out of the bank,” — “signed as security for them” — and still the note was not accepted by the bank. He then pledged his building association book, which meant that if the note should not be paid at maturity, his funds in the building association should be applied to the payment of it. By his agreement to sign as security for the five original signers and by his pledge of collateral he made himself a guarantor for them, as distinctly as if he had written above his name these words: “For value received I hereby guaranty the payment of this note at maturity,” and so the bank treated the paper. The note not being paid at maturity, notice thereof was given to the defendant in error, who paid it out of the building association fund which had been pledged. The case is therefore clearly referable to the exception stated in Wallace et al. v. Jewell, 21 Ohio St., 163, and *412 Deming v. Trustees, 31 Ohio St., 41. The defendant in error was not a joint promissor with the plaintiff in error; but was bound by a separate and collateral agreement. This view of the case eliminates the question of fact whether the name of the defendant in error was written upon the note with the consent of Hecker or any other of the original signers. The original makers were bound to reimburse the defendant in error, whether they Avere, before the delivery of the note to the bank, without knowledge that the defendant in error had signed it as security or guarantor for them, or Avhether they had such knoAvledge. The note was in fact signed by the defendant in error at the request and with the knowledge of Kronauge, the agent of the five original signers, and so was signed at the request and with the knoAvledge of all. Qui facit per a,Hum, fcieit per se. But in the view Avhich we take of this case that is not essential. The instruction to the jury in respect to knowledge and consent by Hecker was erroneous. The circuit court properly reversed the judgment of the court of common pleas, and, on the facts before it, might have gone further.

.4)(firmed.

Minskatx, C. J., Williams, Bukket, Speae and Shauck, JJ., concur.